## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MANUEL CATAMBA MIGUEL,

    Petitioner,

    v.                                         No. 1:26-cv-01803-SMD-SCY

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Doc. 1.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Manuel Catamba Miguel, a citizen of Angola, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Torrance County Detention Center in Chaparral, New Mexico.  Doc. 1 at 1.  Petitioner first entered the United States with his family on a visas in 2019.  Doc. ¶ 30.  Petitioner and his family settled in Maine.  They began working, bought a home, became involved with their local congregation, and enrolled their children in public school.  *Id.* ¶ 31.  Petitioner has no criminal history.  *Id.* ¶ 35.

On October 1, 2024, ICE agents appeared at Petitioner's home.  *Id.* ¶ 32.  ICE asked Petitioner if he was Mr. Miguel and, after he confirmed he was, arrested him and placed him in custody.  *Id.*  Petitioner appeared before an immigration judge (while detained) on December 17,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.  All future filings should be in the name of the substituted party.

2024. *Id.* ¶ 36. The immigration judge found that because Petitioner would likely face torture if he returned to Angola, deferral of removal was appropriate. *Id.* DHS appealed the deferral to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 37. The BIA affirmed that Petitioner faced a threat of torture in Angola, dismissed the appeal, and remanded to the immigration judge. *Id.* On February 20, 2026, the immigration judge then ordered Petitioner removed, granted withholding of removal under the Convention Against Torture, and denied asylum. Doc. 7 at 3. Because DHS waived appeal, the order became administratively final that same day. *Id.*

Petitioner filed a habeas petition on June 4, 2026 challenging, inter alia, his detention as a violation of, inter alia, his Fifth Amendment Due Process rights. Doc. 1. At the time, Respondents argued that the challenge was premature because the six-month mark had not yet been reached. Doc. 7 at 5.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.     Statutory Framework: 8 U.S.C. § 1231

Under 8 U.S.C. § 1231(a)(1), the Government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the Government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does

not permit indefinite detention."). In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of 3 "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing. *Id.* If the Government cannot establish a significant likelihood of removal in the reasonably foreseeable future, continued detention is no longer authorized by statute. *Id.* at 699–700. In that case, the Government can continue to keep tabs on the noncitizen through reasonable conditions of supervision while it continues removal efforts. Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-CV-02244, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-7683, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-CV-019, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

II.    Respondents' Continued Detention of Petitioner Violates the Fifth Amendment.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia*

3

*Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

Petitioner has been detained for over two years and it has now been over six months since the removal order became administratively final. Respondents are outside the presumptively reasonable six-month detention period. *Zadvydas*, 533 U.S. at 695. Respondents oppose release as premature (which is no longer the case) and insufficiently pled. They argue that Petitioner has failed to show that there is no reasonable likelihood of removal in the near future. The Court disagrees.

To review, ICE agents appeared at Petitioner's house, without notice, asked him a single question and then placed him in custody. The Government does not identify any change in circumstance that would have justified this action. Rather, at the time of the arrest, Petitioner would have been subject to 28 U.S.C. § 1226 and entitled to a bond hearing. But due process appears to have been absent from the agents' minds at the time and the record shows no effort on behalf of Respondents to ameliorate these violations. On their own account, "Deportation Officers

4

went to the Petitioner's residence and identified the Petitioner as Manuel Catamba Miguel placed him under arrest and took him to the Enforcement and Removal Office (ERO) for processing." Doc. 7 at 2.

Nevertheless, without justification or process, Respondents argue that they are entitled to continue detaining Petitioner until he proves that there is no reasonable likelihood of removal in the foreseeable future. The Court finds that Petitioner has met this standard. Because Petitioner was granted withholding of removal to his home country, Respondents will be required to find a third-party country that is willing to accept him. Respondents impressed upon the Court that these arrangements take months to coordinate. And that does not even include the time necessary for identifying a third country. Respondents do not provide any information suggesting that they have taken a step toward Petitioner's removal. *See* Doc. 7.

The Court therefore concludes that Respondents' unauthorized arrest, two-year detention, and lack of a colorable argument justifying these conditions, is unconscionable (to put it lightly) under the Fifth Amendment. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("Detention pending deportation seems properly analogized to incarceration pending trial or other disposition of a criminal charge, and is, thus, justifiable only as a necessary, temporary measure."). Petitioner is entitled to relief pursuant to 28 U.S.C. § 2241.

## CONCLUSION

It is hereby **ORDERED**:

1)  The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2)  Respondents shall release Petitioner within **48 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by coordinating with his counsel and providing all necessary identity and travel documents to return to his primary address in Maine;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally and regulatorily compliant procedures;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**